UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONALD WAYNE WILCOX, JR.,

    Plaintiff,                               CIVIL ACTION NO. 13-12549

   v.                                    DISTRICT JUDGE PATRICK J. DUGGAN
                                         MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


### I.  RECOMMENDATION

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work, including his past work as a union benefits representative.


### II.  REPORT

#### A.  Background and Procedural History

Plaintiff filed an application for Social Security disability income benefits on January 5, 2011, alleging that he had become disabled and unable to work on March 30, 2009, at age

52, due to rheumatoid arthritis, a history of degenerative joint disease of the knees, and status post bilateral knee replacement surgery. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on March 19, 2012, before Administrative Law Judge (ALJ) Andrew Sloss. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work, including his past work as a union benefits representative. The ALJ restricted Plaintiff from climbing ladders, ropes or scaffolds. The Law Judge further determined that Plaintiff should avoid exposure to hazards. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 54 years old at the time of the administrative hearing (TR 32). He had an eleventh grade education, and had been employed by General Motors as a machine operator and union benefit representative (TR 32, 44). Claimant worked as a benefit representative from 2003 until his retirement from General Motors in April 2009 (TR 141). Plaintiff had hoped to start a new career as a financial planner following his retirement, but was unable to do so due to rheumatoid arthritis, abdominal difficulties, and bilateral knee pain (TR 33, 37). Claimant testified that he remained disabled as a result of joint pain caused by rheumatoid arthritis. Medications allegedly proved ineffective, and caused such side-effects as fatigue, memory problems, dizziness and constipation (TR 40). Plaintiff stated that he had trouble walking, and he needed the help of his wife to dress himself (TR 34, 39).

Claimant explained that he needed to lie down every day for several hours to help reduce his fatigue (TR 35, 41). While Plaintiff could read for an hour a day, he was unable to concentrate for extended periods without becoming confused (TR 37).

A Vocational Expert, Timothy Shaner, classified Plaintiff's past work as a benefits representative as sedentary, semi-skilled activity, which did not impart any transferable skills (TR 44, 160). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 45). If he were capable of sedentary work, however, he could return to his past work as benefits representative (TR 44). This job did not require climbing ladders, ropes or scaffolds, and would not expose him to any hazards (TR 44).

**B. Administrative Law Judge's Findings**

The Administrative Law Judge found that Plaintiff was impaired as result of rheumatoid arthritis, a history of degenerative disc disease in both knees, and status post bilateral knee replacement surgery, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments[2]. The ALJ recognized that claimant's knee difficulties required that he avoid climbing ladders, ropes or scaffolds. The ALJ further determined that claimant not be exposed to any work hazards.

---

[1] The witness opined that claimant's alleged inability to successfully sustain activity on a regular and continuing basis for eight hours a day would preclude all work activity (TR 45).

[2] Contrary to Plaintiff's assertion, he did not meet or equal section 14.09D of the Listing of Impairments (inflammatory arthritis). Claimant failed to demonstrate, with corroborative medical evidence found in the record, that he suffered from severe fatigue and malaise in order to meet the first component of the listing. He also failed to show that he suffered a marked limitation in either: 1) activities of daily living and maintaining social functioning; or 2) completing tasks in a timely manner due to deficiencies in concentration, persistence or pace, so as to meet the second prong of the listing. See Listing 14.09D, 20 C.F.R. pt. 404, subpt. P, app. 1.

Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, including his past work as a union benefits representative (TR 22-25).

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends, in part, that the Law Judge did not properly assess his allegations of serious functional limitations caused by his rheumatoid arthritis and bilateral knee pain. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his past work or any other substantial, gainful activity existing in the national economy considering his age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2013).

**D. Discussion and Analysis**

I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity to return to his past sedentary work as union benefits representative. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from his arthritis and bilateral knee pain.

The medical record contains little objective medical basis for crediting Plaintiff's complaints of totally disabling knee and arthritic joint pain. Claimant had left knee replacement surgery in 2003, and underwent the same operation on his right knee five years later (TR 198). Plaintiff was able to return to work after each procedure, and continue to work until April 2009, when he retired from General Motors with a regular (non-disability) pension (TR 33, 266). Claimant has not undergone any additional surgery, and has been treated conservatively for pain management, since his retirement.

Dr. Kazem Hak, a treating physician for complaints of diffuse pain, reported that numerous physical examinations performed between May and December 2010, were essentially unremarkable. Moreover, Dr. Hak never found functional limitations as extreme as reported by claimant (TR 246-257, 288-298). The treating doctor indicated in November 2010, that Plaintiff enjoyed nearly normal movement in his upper extremities (TR 251). He stated in January 2011 that medications had helped relieve claimant's joint pain (TR 248). A month later, the treating doctor reported that cold weather help reduce the diffuse pain[3] (TR 246-247).

Dr. Jolanta Sobotka, another treating physician, reported on November 3, 2011, that claimant's moderate joint pain was alleviated with heat, ice, injections and bodily movement (TR 276, 282-283). Medical imaging of Plaintiff's back, feet and hands were described as just mild to moderate (TR 285-287). Dr. Asit Ray, a consultative examiner retained by the Commissioner, observed on April 16, 2011, that Plaintiff was able to walk normally without assistance (TR 266). Dr. Ray added that Plaintiff had normal hand grip strength, and could open a jar with either hand (TR 266).

---

[3]Plaintiff relies heavily upon the fact that Dr. Hak indicated in January 2012, that he was unable to sit, stand or walk for long enough periods to undertake gainful employment of any kind (TR 274). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985), 20 C.F.R. § 404.1527(c)(2). Here, the ALJ found that Dr. Hak's opinion was not entitled to significant weight because it conflicted with the record as a whole and, thus, was unsupported by the objective evidence (TR 24). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

The ALJ reasonably accommodated claimant's diffuse joint pain by restricting him from climbing ladders, ropes or scaffolds in a hazard free work environment (TR 24). The ALJ properly discounted claimant's allegations of disabling side-effects from his medications. The treatment notes from both Drs. Hak and Sobotka failed to reveal any on-going complaint about medication side-effects (TR 246-259, 276-284, 288-301). Contrary to Plaintiff's assertion that he stopped driving because he was unable to properly concentrate (TR 33), Dr. Ray reported that the claimant had no trouble with driving and continued to do so without problem (TR 265). Plaintiff also testified that he could read a book for an hour or two a day (TR 42), which suggested that his ability to concentrate was not severely impaired.

Given the lack of objective clinical evidence of disability, the Law Judge could reasonably find that Plaintiff's impairments did not prevent him from returning to his past sedentary work as a union benefits representative in a hazard-free environment[4]. There was medical evidence on both sides and, having examined it, I cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms were not fully credible.

---

[4] The Sixth Circuit has ruled that a claimant can be denied benefits if he remains capable of returning to his former <u>type</u> of work even if he cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The ALJ considered Plaintiff's assertion that he could not perform his past job as a union benefits clerk because it required a lot of walking through the plant. The ALJ found the statement inconsistent with his testimony that he rarely walked around the union plant for the last six years of his employment, and spent most of his time at the union headquarters (TR 23, 43). Since substantial evidence existed on the record that Plaintiff could perform his past sedentary work as a union benefits representative, he was not disabled withing the meaning of the Social Security Act.

**E. Conclusions**

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted, and the instant Complaint dismissed.

**III. REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                           s/ Charles E Binder  
Dated: June 26, 2014                       CHARLES E. BINDER  
                                          United States Magistrate Judge