UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD WILCOX,

                Plaintiff,                    Civil Action No. 13-cv-12549

              v.                        Honorable Patrick J. Duggan

COMMISSIONER OF                Magistrate Judge Charles E. Binder
SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER (1) REJECTING REPORT AND
RECOMMENDATION, (2) DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, (3) GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, AND (4) REMANDING THE ACTION**

Plaintiff Donald Wilcox seeks judicial review of a final decision of

Defendant Commissioner of Social Security denying his application for a period of

disability and disability insurance benefits under Title II of the Social Security Act.

Plaintiff's application for benefits, protectively filed in January 2011, alleged a

disability onset date of March 30, 2009 due to rheumatoid arthritis, post-bilateral

knee replacement surgeries, and sleep apnea.  The Social Security Administration

initially denied Plaintiff's application for benefits on April 27, 2011.  On March

19, 2012, upon Plaintiff's request, Administrative Law Judge ("ALJ") Andrew G.

Sloss conducted a *de novo* hearing at which Plaintiff, represented by counsel,

appeared and testified.  The ALJ issued a decision on April 11, 2012, finding

Plaintiff not disabled because he could perform his past relevant work as a union benefits representative. The ALJ's decision became the final decision of the Commissioner on May 31, 2013, when the Social Security Appeals Council denied review. Plaintiff initiated the instant suit seeking judicial review of the Commissioner's unfavorable decision on June 11, 2013.

The case was referred to a United States Magistrate Judge for a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of Michigan Local Rule 72.1(b)(3).[1] Thereafter, the parties filed cross motions for summary judgment. On June 26, 2014, Magistrate Judge Charles E. Binder filed his R&R, recommending that Plaintiff's motion be denied, that Defendant's motion be granted, and that the findings of the Commissioner be affirmed. At the conclusion of the R&R, Magistrate Judge Binder advised the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Plaintiff filed objections to the R&R on July 10, 2014. Defendant responded on July 22, 2014. Plaintiff's objections to the R&R are before the Court. For the reasons set forth herein, the Court denies Defendant's motion, grants Plaintiff's motion, and remands the matter to the Commissioner for further consideration.

---

[1] Initially referred to then-Magistrate Judge Mark A. Randon, the case was reassigned to Magistrate Judge Mona K. Mazjoub, and subsequently to Magistrate Judge Charles E. Binder.

# I.     STANDARD OF REVIEW

This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).[2]  Judicial review under this statute is limited: the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

A district court's review of an ALJ's factual findings involves application of the substantial evidence standard.  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted).  If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if

---

[2] Title 42 U.S.C. § 405(g) provides, in pertinent part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .

substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts") (internal quotation marks omitted).

When reviewing the Commissioner's factual findings for substantial evidence, courts are limited to examining the record and must consider that record as a whole. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (explaining that courts reviewing the Commissioner's factual findings for substantial evidence must consider the evidence in the record as a whole, including evidence which might subtract from its weight). Federal courts may "not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)).

The other line of judicial inquiry – reviewing for correctness of the ALJ's legal analysis – may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*,

582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)); *cf. Buchanan v. Apfel*, 249 F.3d 485, 492 (6th Cir. 2001) (the Commissioner has a clear, nondiscretionary duty to comply with Social Security regulations).

Courts review *de novo* the parts of an R&R to which a party objects. Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). Courts are not, however, "required to articulate all the reasons it rejects a party's objections." *Thomas*, 131 F. Supp. 2d at 944.

## II.   ANALYSIS

Under the Social Security Act (hereinafter, the "Act"), disability insurance benefits "are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505 (DIB); 20 C.F.R. § 416.905 (SSI).

Under the authority of the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520(a)(4).  If an ALJ determines that the claimant is or is not disabled at a step of the evaluation process, the evaluation does not proceed.  *Id.*  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must continue to the next step.  *Id.*  "The burden of proof is on the claimant through the first four steps. . . .  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]."  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.[3]  20 C.F.R. § 404.1520(a)(4)(i).

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.[4]  20 C.F.R. § 404.1520(a)(4)(ii) and (c).

---

[3] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since March 30, 2009, the alleged onset date of Plaintiff's disability.  (Tr. 22.)

[4] The ALJ concluded that Plaintiff had the following severe impairments: rheumatoid arthritis, history of degenerative joint disease of the knees and status/post-bilateral knee replacement surgery.  (Tr. 22.)

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[5] *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[6] 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[7] *Id.*

---

[5] The ALJ opined that Plaintiff's impairments did not meet any of the listed impairments. (Tr. 24.)

[6] The ALJ found that Plaintiff "has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a)[,] except that the claimant can never climb ladders, ropes or scaffolds, and can only occasionally climb ramps or stairs. The claimant can occasionally balance, stoop, crouch, kneel or crawl. The claimant must also avoid concentrated exposure to hazards." (Tr. 24.) Based on this RFC evaluation, the ALJ concluded that Plaintiff was able to perform his past relevant work as a union benefits representative because such work "does not require the performance of work related activities precluded by the claimant's residual functional capacity[]." (*Id.* at 25.) Because the ALJ determined that Plaintiff could perform his past relevant work, the ALJ concluded that Plaintiff had not been under a disability from March 30, 2009 through the date of his decision. (*Id.*) Magistrate Judge Binder found substantial evidence in the record to support the ALJ's determination. (R&R 7.)

[7] The ALJ's step four finding – that Plaintiff retained the residual functional capacity to perform his past work as a union benefits representative – precluded the necessity of moving on to step five. 20 C.F.R. § 404.1520(a)(4) (explaining that if an ALJ determines that a claimant is or is not disabled at a step of the evaluation process, the evaluation does not proceed to the next step).

7

Plaintiff raises several arguments in his objections and asks this Court to reverse the Commissioner and award benefits.  Plaintiff's objections do not follow the typical format of enumerating each objection.  As a result, the Court isolated each argument and engaged in a *de novo* review of the administrative record in light of the parties' submissions.  Plaintiff contends that the following components of the unfavorable decision (and the R&R's treatment thereof) are not supported by substantial evidence: (1) the step three determination; (2) the residual functional capacity ("RFC") assessment, including (a) the weight accorded to the medical opinion evidence and (b) the credibility evaluation; and (3) the step four determination.  Plaintiff also objects to the R&R because it "ignores the issues raised by Plaintiff and is . . . a boilerplate and generic report alleging substantial evidence for the denial without regard to" the record facts.  (Pl.'s Objs. 3-4.)

Because the Court finds error with the ALJ's step three determination as well as with the RFC assessment, the weight accorded the medical opinions of record, and the ALJ's credibility determination, the Court does not address Plaintiff's remaining arguments in depth.  As a result of the deficiencies identified herein, deficiencies exposed by reviewing, *de novo*, the entire record below, this Court is unable to conclude that the Commissioner's decision is supported by substantial evidence.  The Court therefore remands the entire matter for further consideration in accordance with the issues identified herein.

Objection # 1:

Plaintiff objects to the ALJ's failure to give reasoned consideration to Plaintiff's entitlement to benefits under Listing 14.09D as required by *Reynolds*, 424 F. App'x at 416, and further objects to Magistrate Judge Binder's purportedly perfunctory treatment of this issue. This objection relates to the third step of the five-step sequential analysis.[8]

Section 14.09D of the Listing of Impairments addresses inflammatory arthritis and specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. § 404.1525(c)(3). A claimant must satisfy all of the criteria to "meet" the listing. *Id.* This Listing requires a claimant to show repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and marked limitations with respect to either (1) activities of daily living and maintaining social functioning or (2) completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 14.09D.

---

[8] At the third step in the disability evaluation process, a claimant will be found disabled if his impairment meets or equals one of the listings in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii). The Listing of Impairments, located at Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). A claimant who meets the requirements of a Listed Impairment will be deemed conclusively disabled.

The ALJ's step three determination consists of the following: "The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" (Tr. 24.) The R&R addresses Plaintiff's step three argument in a footnote, concluding – without any citation to the record – that Plaintiff did not satisfy the criteria set forth Listing 14.09D. (R&R 3 n.2.)

Defendant argues that any failure to address the specific Listing is a product of Plaintiff's failure to seek application of the Listing. (Def.'s Br. 5.) As support, Defendant points to an unpublished decision from the Sixth Circuit in which the panel determined that an ALJ need not specifically address a Listing at step three where a claimant, such as Plaintiff in this case, does not argue at his hearing that he had a Listed Impairment or a combination of impairments that was equal or equivalent to any Listed Impairment. (*Id.* (citing, *inter alia*, *Malone v. Comm'r of Soc. Sec.*, 507 F. App'x 470, 472 (6th Cir. 2012)).

Although the Court may find *Malone* persuasive under a different set of facts, it does not find the decision instructive in this case. In *Malone*, the panel dismissed the claimant's argument that the ALJ erred by not specifically discussing a Listed Impairment at step three. *Id.* After noting that the claimant had not raised the argument at his hearing, the panel went on to explain that the ALJ's finding was supported by substantial evidence. *Id.* As will become evident upon analysis

10

of Plaintiff's other objections, this Court is not persuaded that the ALJ's decision here is supported by substantial evidence.

*Malone* is distinguishable for another reason: the ALJ failed to consider the severity of Plaintiff's impairments in combination, as prescribed by 20 C.F.R. § 416.920(c).  *See also* 42 U.S.C. § 423(d)(2)(B) ("In determining whether an . . . impairment or impairments are of a sufficient medical severity such that [a finding of disability would be warranted], the Commissioner . . . shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."). Specifically, the ALJ's decision is entirely devoid of any reference to sleep apnea even though this condition was one of the specific ailments prompting Plaintiff's benefits application.  *Cf. Reynolds*, 424 F. App'x at 416 (rejecting claimant's argument that the ALJ erred in failing to consider her alleged obesity where claimant did not list obesity as one of her impairments or list it as one of her difficulties on any paperwork put before review).  It necessarily follows that the ALJ did not adequately consider all of Plaintiff's impairments at step three, as required by the Act and the corresponding regulations.

The Court acknowledges that the ALJ need not "spell[] out every consideration that went into the step three determination" and that, in some cases, factual findings elsewhere in the narrative may suffice as factual findings at step

11

three.  *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (holding, where

"ALJ described evidence pertaining to all impairments, both severe and non-

severe, for five pages earlier in his opinion and made factual findings," that limited

step three explanation was sufficient).  In this case, however, the ALJ did not

describe evidence pertaining to all impairments, as his decision neglects to mention

Plaintiff's sleep apnea diagnosis even once.  (*See, e.g.*, Tr. 136, 222, 292.)  Further,

unlike in *Bledsoe*, the factual findings in the ALJ's decision here are cursory at

best.  The ALJ did not mention all of Plaintiff's impairments nor did the ALJ

provide a fair or accurate summation of the medical evidence of record.  The

glaring evidentiary holes are discussed in the following section; however, by way

of illustration, the ALJ did not discuss Plaintiff's 2005 lap-band surgery and the

complications arising therefrom (*see, e.g.*, Tr. 223, 369), did not explain why he

disagreed with Social Security reviewer J. Weidman's recommendation of an

award of disability benefits (Tr. 116), and did not at all examine the medications

Plaintiff was prescribed or the potential side effects of those medications.

Given the numerous references to rheumatoid arthritis in the record, the

Court is unable to conclude why the ALJ did not explicitly determine whether

Plaintiff satisfied the criteria set forth in Listing 14.09D.  This error, like the others

set forth in the pages that follow, was not harmless.  *Rabbers v. Comm'r of Soc.

Sec.*, 582 F.3d 647, 654-55 (6th Cir. 2009) ("[I]f an agency has failed to adhere to

12

its own procedures, we will not remand for further administrative proceedings
unless the claimant has been prejudiced on the merits or deprived of substantial
rights because of the agency's procedural lapses.") (internal quotation marks and
quotation omitted).  This is because if Plaintiff meets the listing, or his
combination of impairments is found to be the equivalent of a listing, he would "be
deemed conclusively disabled, and entitled to benefits."  *Reynolds*, 424 F. App'x at
414 (citing 20 C.F.R. § 404.1525(a)).  Thus, by failing to consider the Listing, and
by failing to consider all of Plaintiff's impairments in combination, it is possible
that Plaintiff has been prejudiced on the merits.  In other words, if Plaintiff meets
the Listing's criteria, the sequential evaluation would cease and Plaintiff would be
entitled to benefits.  Remand is not futile in this case because, despite the R&R's
conclusory suggestion to the contrary, the record evidence not incorporated into
the ALJ's decision may, when properly considered, establish the existence of the
criteria set forth in pertinent Listing.

Objection #2:

Plaintiff also objects to the ALJ's failure to incorporate all of Plaintiff's
limitations into his RFC assessment and to the R&R's failure to critically review
the record to uncover this error.  As Plaintiff notes, "[a] critical factor underpinning
the ALJ's denial in this case is the ALJ's assertion that [Plaintiff] has, despite his
rheumatoid arthritis, the ability to use his hands on a constant basis throughout an

[eight-]hour work day without any limitation (except insofar as he should not climb ropes and ladders[]).” (Pl.’s Objs. 9-10.) Because the ALJ did not find sufficient evidence in the record to corroborate Plaintiff’s complaints regarding his upper extremities, he did not incorporate any into his RFC assessment and subsequently determined that Plaintiff could perform his past work as a benefit representative.

In creating Plaintiff’s RFC assessment, the ALJ accorded significant weight to the medical opinion of Asit Ray, MD, a state consultative examiner, explaining:

> The undersigned finds that the consultative examination performed by Dr. Ray appears to be an accurate assessment of claimant’s condition. Specifically, Dr. Ray found good grip strength, pinch strength and ability to open jars with both hands.

(Tr. 24.) Although Dr. Ray did note that Plaintiff’s “pinch grip is intact bilaterally[,]” and further noted Plaintiff’s ability to open a jar with both hands, Dr. Ray’s report never described Plaintiff’s grip strength as good. (Tr. 266.) Dr. Ray indicated that Plaintiff’s grip strength, as tested on a dynamometer, was thirty-eight pounds in the right hand and thirty-five pounds in the left. (*Id.*) In the analysis portion of Dr. Ray’s report, Dr. Ray specifically indicated that Plaintiff’s “grip strength is *poor* on the right as well as the left[.]” (Tr. 267 (emphasis added).) In short, the ALJ’s characterization of Dr. Ray’s report is entirely incorrect with

respect to the portion regarding Plaintiff's grip strength.[9]   Nevertheless, this record is the only objective medical evidence the ALJ explicitly relied upon in his RFC assessment.

Instead of acknowledging the ALJ's error when Plaintiff filed this action, Defendant regrettably went to great lengths to reconcile Dr. Ray's clinical findings with his conclusion that Plaintiff's grip strength was poor.  Defendant located a chart on the internet explaining that "[n]ormal grip strength for males 50-54 (Plaintiff was 53), is between 32.9 and 50.7 pounds if measured with a dynometer (sic)."  (Def.'s Br. 8 n.3 (citing http://www.topendsports.com/testing/norms/ handgrip.htm).)  Because thirty-five and thirty-eight fall within this normal range, Defendant concluded that Dr. Ray's description of Plaintiff's poor grip strength must have been a "typographical error[.]"  (*Id.*)  Astonishingly, Defendant failed to notice that chart employed a unit of measurement used in the metric system.  Thus, where Defendant thought the grip strength measurements described ranges of pounds, the chart actually used kilograms.  This oversight, overlooked by Magistrate Judge Binder and subsequently recognized by Defendant, completely undermines Defendant's typographical error suggestion, as once the figures in Dr. Ray's report are converted, as they must be to have any relevance, Dr. Ray's

---

[9] The ALJ's error was not uncovered in the R&R, which indicates that "Dr. Ray added that Plaintiff had normal hand grip strength[.]"  (R&R 6.)

finding of poor grip strength cannot be explained away.[10]  Properly converted, Plaintiff's left hand grip strength at the time of Dr. Ray's report was approximately 18.7747 kilograms and his right was 15.8758 kilograms.  According to Defendant's chart, anything less than 32.9 kilograms for a male aged 50-54 is considered "weak."

As mentioned above, the ALJ's mischaracterization of Dr. Ray's report constituted the sole piece of medical evidence cited in his RFC evaluation.  No other evidence regarding Plaintiff's ability to use his hands appears in the RFC analysis, although, the ALJ did describe in some detail Dr. Ray's findings in the portion of his opinion addressing Plaintiff's severe impairments.  (Tr. 23.) However, the treatment notes of Jolanta Sobotka, MD, Plaintiff's treating rheumatologist, regarding Plaintiff's hands are nowhere in the decision. [11]  After an examination on June 16, 2011, Dr. Sobotka noted tenderness in Plaintiff's hands, the presence of a "heberden's node and bouchard's node[,]" tenderness in both wrists and reduced range of motion in Plaintiff's right wrist, specifically "decreased flexion and decreased extension[.]"  (Tr. 285.)  While the ALJ may

---

[10] The Court utilized the following equation to convert pounds to kilograms:

$$kg = \frac{lb}{2.2046}.$$

[11] Despite the various treatment records from Dr. Sobotka's office, the ALJ's decision references a single visit in November 2011 and does so only to describe Plaintiff's symptoms of pain.  (Tr. 22.)  This concerns the Court as it appears that the ALJ cherry-picked the evidence included in his decision.

have considered this evidence, there is no indication of such in the record, depriving this Court of the ability to meaningfully review the ALJ's findings.

The RFC assessment also did not incorporate any limitations resulting from Plaintiff's documented spinal and upper extremity impairments or the effects thereof.  With respect to Plaintiff's cervical and lumbar spines, the ALJ noted some reduced range of motion and tenderness described by Kezem Hak, MD, one of Plaintiff's treating physicians, in October 2010.  (Tr. 22.)  The ALJ also noted that Dr. Ray, who examined the claimant on April 16, 2011, described the range of motion in Plaintiff's lumbar spine as normal.  (Tr. 23.)  Once again, the ALJ did not mention the treatment notes of Dr. Sobotka indicating "decreased [range of motion] cervical spine" after an examination on August 17, 2011.  (Tr. 279; *see also* Tr. 285 (Dr. Sobotka's June 2011 treatment notes indicating decreased range of motion in both the cervical and lumbar spines as well as sacroiliac joints).)  Although Plaintiff was diagnosed as having moderate cervical spondylosis after having four images taken of his cervical spine in August 2011, this diagnosis – confirmed by objective medical testing – is also not mentioned in the ALJ's decision.  (Tr. 285.)

Neither did the ALJ take Plaintiff's shoulder problems into account.  He did not reference Dr. Sobotka's note that Plaintiff's right shoulder was tender, "mildly limited and impingement signs positive[.]"  (Tr. 279, 286 (Dr. Sobotka remarks

regarding right shoulder x-ray noting diffuse osteopenia, mild OA AC joint, mild

osteophytosis of the humeral head).)  Also absent from the decision is Dr. Hak's

assessment of Plaintiff as having arthritis in his shoulder.  (*See, e.g.*, Tr. 288.)

Furthermore, the ALJ's RFC assessment contained no limitations resulting

from sleep apnea, pain, fatigue, insomnia, or Plaintiff's various medications.  In

fact, Dr. Hak's treatment notes regarding fatigue and insomnia received no

attention in the ALJ's decision.  (*See, e.g.*, Tr. 279, 282, 290, 292-93, 297.)

The purpose of revealing the various medical findings addressed by neither

the ALJ nor the magistrate judge is not to suggest that Plaintiff is or is not disabled.

Rather, the Court highlights the factual deficiencies because "[s]ubstantial

evidence cannot be based on fragments of the record."  *Laskowski v. Apfel*, 100 F.

Supp. 2d 474, 482 (E.D. Mich. 2000) (citing *Garner v. Heckler*, 745 F.2d 383, 388

(6th Cir. 1984) ("Substantiality of the evidence must be based upon the record

taken as a whole.")).  This is particularly so where the ALJ mischaracterized the

very evidence he relied upon in determining Plaintiff's RFC.  In this Court's

opinion, the volume of evidence not addressed in the ALJ's decision raises serious

doubts about the supportability of the ALJ's RFC finding.  Accordingly, the Court

must remand the matter for further consideration.  *Cf. Uforma/Shelby Bus. Forms,*

*Inc. v. NLRB*, 111 F.3d 1284, 1292-93 (6th Cir. 1997) (remand required despite the

existence of substantial evidence to support the ALJ's decision under the National

Labor Relations Act where the ALJ might have reached a different conclusion had he not misconstrued certain evidence and overlooked other evidence).

Although the Court will not address the weight accorded to the various medical opinions in great depth, the Court notes that the ALJ's RFC assessment declined to give Plaintiff's treating physician's opinion regarding the extent of Plaintiff's limitations significant weight.  (Tr. 24.)  The ALJ determined that "the objective clinical evidence in this matter does not demonstrate a markedly reduced level of functioning, as demonstrated by the claimant's treatment history and findings provided by treating sources and the consultative examination conducted by Dr. Ray in April of 2011."  (*Id.*)  However, as illustrated above, many of the findings provided by treating sources were simply not addressed in the ALJ's decision and the ALJ misconstrued a portion of Dr. Ray's findings, thus undermining the ALJ's conclusion.  Thus, on remand, the ALJ should reevaluate the weight previously accorded to the medical opinions of record.

Similarly flawed is the ALJ's evaluation of Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms.  "There is no question that subjective complaints of a claimant can support a claim for disability, if there is also evidence of an underlying medical condition in the record." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007).  However, "[s]ubjective complaints of pain or other symptoms shall not alone be conclusive evidence of

19

disability." *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 805 (6th Cir. 2008) (internal quotation marks and citations omitted).  It is, of course, the responsibility of the ALJ as the finder of fact to evaluate a claimant's credibility, and an ALJ's credibility findings "are to be accorded great weight and deference[.]"  *Id.* at 806 (quotation omitted).  "Notwithstanding that deference, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence."  *Id.* (internal quotation marks and citation omitted).

The standard for evaluating subjective complaints of disabling pain is as follows.  First, the ALJ must consider whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.   20 C.F.R. § 404.1529(a).  If such an impairment exists, as the ALJ determined it did in this case (Tr. 24), the ALJ must then evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.  20 C.F.R. § 404.1529(a).  In addition to considering the objective medical evidence, the ALJ will consider the following relevant factors: the claimant's daily activities; the location, duration, frequency, and intensity of a claimant's pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms; treatment, other than medication, received for relief of pain or other symptoms; and any other measures used to relieve pain or

20

other symptoms, such as lying on one's back for a period of time.  20 C.F.R. §

404.1529(c)(2)-(3).

Without delving into the issue too deeply, the only factor the ALJ considered

was Plaintiff's treatment, which he described as "conservative[.]"  (Tr. 22.)  The

ALJ did not, for example, discuss the consistency with which Plaintiff was

complaining of fatigue and shoulder pain,[12] (*see, e.g.*, Tr. 290), did not consider

Plaintiff's testimony regarding his need to lie down to alleviate pain (one of the

limitations Dr. Hak deemed necessary in his January 2012 assessment and which

makes much more sense once the evidence relating to Plaintiff's cervical and

lumbar spines has been considered), and did not acknowledge Plaintiff's various

medications.  On this last point, the Court notes that Dr. Hak's treatment records

reveal that Plaintiff was initially prescribed Vicodin for pain management

---

[12] When objective medical evidence does not substantiate a claimant's subjective complaints of pain, the ALJ "must consider all of the evidence in the case record[.]"  SSR 96-7p, 1996 WL 374186, at *4.  As the Sixth Circuit indicated in *Rogers v. Commissioner of Social Security*:

> The entire case record includes any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record.  Consistency of the various pieces of information contained in the [case] record should be scrutinized.  Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect.

486 F.3d 234, 247-48 (6th Cir. 2007).

associated with his rheumatoid arthritis, (Tr. 293), but in late 2011, Plaintiff was prescribed both Vicodin and MS Contin, a medication used in the management of moderate to severe, chronic pain. (*See, e.g.*, Tr. 288-91.)

The conclusion that the ALJ's credibility determination is not supported by substantial evidence is warranted because the decision fails to address the considerations set forth in the regulations. This, too, may need to be revisited on remand.

In sum, the ALJ's RFC assessment, which embraces the weight given to the medical opinions of record as well as Plaintiff's credibility, is not supported by substantial evidence.

Objection # 3:

Given the various problems identified thus far, the Court need not address Plaintiff's remaining objections. The Court does, however, find it necessary to note that the ALJ's step four determination – wherein the ALJ deemed Plaintiff able to return to his past relevant work as a benefits representative – needs further elaboration, *even if* the ALJ on remand ultimately determines that the RFC assessment requires no adjustment.

As Plaintiff points out, Social Security Ruling 82-62 provides that "[t]he decision as to whether the claimant retains the functional capacity to perform past

work . . . has far-reaching implications and must be developed and explained fully in the disability decision."  1982 WL 31386, at *3.  It further provides:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1.  A finding of fact as to the individual's RFC.
> 2.  A finding of fact as to the physical and mental demands of the past job/occupation.
> 3.  A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

*Id.* at *4.

Here, the ALJ's decision did not contain sufficient findings on the second or third items.  There is simply no description of the physical or mental demands of Plaintiff's past job.  Rather than address those demands, the ALJ merely noted Plaintiff's "somewhat inconsistent[]" testimony regarding how much walking his former job required.  (Tr. 23.)  The R&R fares no better in describing the job requirements and, frankly, does not address the substance of Plaintiff's claim of error.  (R&R 7.)

### III.   CONCLUSION AND ORDER

For the reasons stated herein, the Court is unable to conclude that the ALJ's decision denying benefits is supported by substantial evidence.[13]  Rather, it appears that the ALJ's woefully inadequate decision was based on fragments of the record,

---

[13] The Court therefore rejects Magistrate Judge Binder's R&R, as it reached the opposite conclusion.

23

as opposed to the entirety of it.  The ALJ did not consider, or even mention,

Plaintiff's sleep apnea diagnosis even though this was one of the three impairments

specifically listed on Plaintiff's benefits application.  Making matters worse, the

ALJ mischaracterized the only objective medical evidence he relied on in

formulating Plaintiff's RFC.  The RFC assessment is also undermined by the

ALJ's failure to discuss several pertinent medical records.  Despite these

inadequacies, the Court is unable to conclude that Plaintiff was conclusively

disabled at any point between his application and the ALJ's adverse decision.

Therefore, the Court believes that a remand pursuant to Sentence Four is required.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is

**GRANTED** and that Defendant's Motion for Summary Judgment is **DENIED**;

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the

Commissioner for further consideration pursuant to Sentence Four of 42 U.S.C. §

405(g) for proceedings consistent with this Opinion and Order.

Dated: August 19, 2014

s/Patrick J. Duggan
UNITED STATES DISTRICT JUDGE

Copies to:
**Robert J. MacDonald, Esq.**
**Alison Schwartz, Esq.**
**Vanessa Miree Mays, AUSA**
**Magistrate Judge Charles E. Binder**

24